NOTICE
Decision filed 07/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 251047-U

NO. 5-25-1047

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| PATRICK MATHIS and THOMAS STOLAR, Individually and on Behalf of Trout Lake Fishing Club, LLC, and Otukamamoan Lake Holding Company, | ) ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 25-CH-31 |
| RICHARD STOTLAR, JOHN MANN, WILLIAM STOTLAR, and JEFF GILTER, | ) ) ) | Honorable Stacy L. Campbell, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendants' interlocutory appeal is dismissed where the appeal is premature based on the failure to issue a formal written order as required by Illinois Supreme Court Rule 272.

¶ 2   Defendants, Richard Stotlar, John Mann, William Stotlar, and Jeff Gilter, appeal the circuit court's order denying their motion to dismiss and transfer venue. On appeal, they contend the findings of fact do not support the decision and the ruling was a misapplication of law. However, we do not have jurisdiction to address the issues and therefore dismiss the appeal.

1

¶ 3                                    I. BACKGROUND

¶ 4     On May 8, 2025, plaintiffs, Patrick Mathis and Thomas Stotlar, individually and on behalf of Trout Lake Fishing Club, LLC, and Otukamamoan Lake Holding Company, filed a six-count lawsuit against defendants. The lawsuit alleged a breach of members' fiduciary duty against Richard Stotlar and John Mann (count I), breach of a director's fiduciary duty against Richard Stotlar and John Mann (count II), breach of contract against Richard Stotlar and John Mann (count III), breach of trustees' fiduciary duty against Richard Stotlar and John Mann (count IV), tortious inducement of breach of a fiduciary duty against William Stotlar and Jeff Gilter (count V), and tortious interference with contract against Jeff Gilter (count VI). Plaintiffs' prayer for relief requested restraining orders and preliminary injunctions prohibiting defendants from transferring title of the real property to any new owner, an injunction requiring defendants to execute a deed transferring their ownership of the real property to the Trout Lake Fishing Club LLC, an order removing defendants as members of the Trout Lake Fishing Club LLC, along with orders for punitive damages and attorney fees. The lawsuit was based on an operating agreement for the Trout Lake Fishing Club, LLC, executed on July 9, 2013, that contained an Illinois choice of law provision governing the agreement.

¶ 5     In addition to filing the complaint, plaintiffs also moved for a temporary restraining order enjoining defendants from entering into contracts affecting ownership of the real property, making transfers of the real property, or assisting in transferring any rights in the real property. A motion for a preliminary injunction requesting the same relief was also filed. The motions were set for hearing on May 16, 2025.

¶ 6     On June 3, 2025, defendants filed a motion to dismiss arguing that the court did not have subject matter jurisdiction because the real property was located in Canada and Canadian law

2

applied. It further contended that venue could not be found in Illinois because the real property was located in Canada, or pursuant to section 2-101 of the Code of Civil Procedure (735 ILCS 5/2-101 (West 2024)) due to the fact that none of the defendants resided in St. Clair County. Defendants further contended that the lawsuit was barred by the statute of limitations and the underlying operating agreement was an invalid contract due to a lack of consideration.

¶ 7　On June 11, 2025, plaintiffs filed a first amended complaint that was substantially similar to its initial complaint. On June 13, 2025, defendants filed a second motion to dismiss providing the same bases as the initial motion to dismiss but added additional issues claiming dismissal was proper because the plaintiffs' claims were barred by the statute of frauds and that plaintiffs failed to sufficiently allege a constructive trust on the property.

¶ 8　On July 18, 2025, the circuit court issued an order. The order stated,

"All parties and counsel being before the Court it is hereby ordered that Plaintiff's Motion to Continue Hearing is granted. Plaintiff's First Amended Motion for Preliminary Injury and Motion for Contempt and Sanctions as well as Defendant's Motion to Dismiss and Motion to Strike Punitive Damages are continued to October 6, 2025 ***. The temporary restraining order is extended through and including October 6, 2025."

¶ 9　On August 27, 2025, defendants filed an amended motion to dismiss and transfer venue. As to the venue issue, defendant again argued that Illinois was an improper venue because the property was in Canada and further argued that none of the defendants resided in, and none of the conduct challenged occurred in, St. Clair County. The motion was supported by the affidavits of William Stotlar, Richard Stotlar, John Mann, and Jeff Gilter.

3

¶ 10    The affidavits provided the residences of the defendants, which were all in Pinckneyville, Perry County, Illinois, except for Richard Stotlar, who had lived in Tucson, Arizona, for the past 29 years. Defendants' affidavits also averred that the 2013 operating agreement was signed in St. Louis, Missouri, and that they never conducted any business on behalf of the LLC. They further contended that they never signed agreements, or discussed, planned, or negotiated any sale of the real property in in St. Clair County, Illinois. They contended those actions occurred in Perry County, Illinois, Tucson, Arizona, or in Canada.

¶ 11    On October 3, 2025, plaintiffs filed a response to defendants' amended motion to dismiss and transfer venue. As to venue, plaintiffs argued that John Mann's marital settlement agreement addressed the Canadian property and "admitted that his interest in the Property is solely through the Trust, and that an Illinois Court has the authority to enforce rights to the Property, even though it is located in Canada." Plaintiffs further alleged that at least two meetings were held in St. Clair County after July 19, 2013, and that venue was appropriate because the registered offices and registered agents of both businesses were in St. Clair County, Illinois. Plaintiff also contended that the documents creating the operating agreement were prepared in St. Clair County, Illinois, along with annual reports and communications regarding those matters. Plaintiffs further asserted that the action was not to quiet title to the property but instead was to adjudicate defendants' breaches and the motion to transfer venue was untimely.

¶ 12    A hearing on defendants' motion to dismiss and transfer venue was set for October 6, 2025. No evidence was presented and only arguments regarding the pending motions were provided. Following argument, as to the subject matter jurisdiction argument, the circuit court stated,

"[T]he plaintiffs did not bring a quiet title action. What they did bring was a breach of contract and breach of fiduciary duty action, which they brought under Illinois

4

law stating that the defendant signed an Operating Agreement with Illinois as the governing institution. So, therefore, the Court finds that the subject matter jurisdiction argument fails. If they brought a complaint for quiet title, the Court would agree that this should be heard in Canada. The problem is, is that the defendants in this action signed an operating agreement *** [which] is governed by Illinois law."

As to the venue argument, the court stated, "The registered officers of both of these entities are in Illinois and so the Court finds that venue is proper here in Illinois ***." On October 6, 2025, a written order was issued that stated, "Case called for hearing on Defendants' Amended Motion to Dismiss & Transfer Venue *** Motions are denied with full order to follow."

¶ 13 On November 5, 2025, the circuit court issued an order that stated, "Pursuant to the Order entered Oct. 6, 2025, the agreed formal order shall be filed by the end of the day, Nov. 19, 2025. If an agreement cannot be reached, the Order entered Oct. 6, 2025, shall be the standing order. The findings were read on the record." No order was filed on or before November 19, 2025. On December 19, 2025, defendants filed a petition for leave to appeal the court's November 19, 2025, order. This court granted leave on January 20, 2026.

¶ 14                                                II. ANALYSIS

¶ 15 On appeal, defendants argue that the trial court's October 6, 2025, order denying their motion to transfer venue was erroneous. Plaintiffs disagree. However, given the fact that no written order was issued after the October 6, 2025, ruling, we must first address jurisdiction.

¶ 16 A reviewing court has a duty to consider *sua sponte* its jurisdiction over an appeal, regardless of whether the issue of jurisdiction is raised by the parties. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Defendants' petition for leave to

appeal, filed pursuant to Illinois Supreme Court Rule 306 (eff. Oct. 1, 2020) was required to be filed with the appellate court "within 30 days after the entry of the order." *Id.*

¶ 17    The issue of whether the appeal was timely filed is governed by Illinois Supreme Court Rule 272 which states, "If at the time of announcing final judgment the judge requires the submission of a form or written judgment to be signed by the judge ***, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). The purpose of Rule 272 is to clarify the date a judgment is entered. *Stoermer v. Edgar*, 104 Ill. 2d 287, 294 (1984). "In the time between the announcement of judgment and the entry of the formal order contemplated, the judgment cannot be 'attacked by motion, appealed from, or enforced.' " *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 441 (1985) (quoting *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538-39 (1984)). If an appeal is filed prior to the issuance of the written order, the appeal is premature. *Id.* A notice of appeal filed before the entry of the required written order fails to confer jurisdiction with the reviewing court. *Id.* Where a rule or statute expressly outlines procedure to be taken on appeal, such procedure must be followed exactly. *Hamas v. Payne*, 107 Ill. App. 2d 316 (1969).

¶ 18    Here, the court issued an oral ruling on October 6, 2025, and the corresponding written order stated a "full order [was] to follow." The November 5, 2025, order clarified that it was requiring an "agreed formal order" and set a deadline of November 19, 2025, for the document. However, the circuit court's second order also stated that if no agreement was reached, "the Order entered Oct. 6, 2025 shall be the standing order." No order was filed on November 19, 2025. Therefore, the jurisdictional issue is whether the circuit court can finalize a previously issued order when the parties fail to provide a written order as required by the court's initial order.

¶ 19 "The circuit court generally retains jurisdiction over an action until all the issues of fact and law have been finally determined and a final judgment has been entered thereon." *Harchut v. Oce/Bruning, Inc.*, 289 Ill. App. 3d 790, 793 (1997). While we appreciate the circuit court's foresight to anticipate the continued stagnant and recalcitrant behavior by the parties, classifying the October 6, 2025, order as the "standing order" fails to alleviate the jurisdictional quagmire created by the November 5, 2025, order because the October 6, 2025, order continues to state that a "full order [is] to follow."

¶ 20 An order which requires a formal written order to be submitted by the parties is not a final order. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). Only after the written order is filed will it be final for appellate jurisdiction purposes. See *id.*; see also *Ferguson*, 111 Ill. 2d at 441. As there was no agreed order prepared by the parties it was incumbent on the court to file a signed written order reflecting its October 6, 2025, pronouncements. As no final order was filed, we must dismiss the appeal as premature and remand the case to the circuit court for the issuance of the written order required by Rule 272.

¶ 21                                    III. CONCLUSION

¶ 22 For the above stated reasons, we dismiss defendants' interlocutory appeal and remand the case back to the circuit court for the issuance of the formal written order.


¶ 23 Appeal dismissed; case remanded.